IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY ESTERMAN, | : | |
| | : | Civil Action No. 4:CV-05-847 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THOMAS HOGAN, ET AL., | : | |
| | : | (A20 397 894) |
| Respondents. | : | |

**O R D E R**

June 23, 2005

**BACKGROUND:**

On April 28, 2005, petitioner Gary Esterman, filed a petition under 28 U.S.C. § 2241 challenging his continued detention by Immigration and Customs Enforcement ("ICE"). On May 2, 2005, we directed the government to show cause within twenty days why the petition should not be granted. On June 13, 2005, after receiving an enlargement of time, the government responded to the petition with information from Esterman's administrative file and requested that we dismiss Esterman's petition as premature. On June 20, 2005, Esterman filed a reply brief. For the following reasons we will dismiss Esterman's petition as premature.

Esterman is a native of the former Union of Soviet Socialist Republics.

(Rec. Doc. No. 9, Ex. A.)  On April 4, 1974, Esterman entered the United States as a refugee.  (Id.)  Esterman's status was adjusted to lawful permanent resident as of October 17, 1989.  (Id.)  On June 22, 2001, Esterman was convicted in the United States District Court for the Northern District of Illinois of the crimes of wire fraud, engaging in monetary transactions in property derived from unlawful activities, and money laundering in violation of 18 U.S.C. §§ 1343, 1957(a) and 1956(a)(1)(B)(i).  (Rec. Doc. No. 9, Ex. B.)

In light of Esterman's convictions, ICE commenced removal proceedings. Esterman's notice to appear charged him as removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.

Next, Esterman applied for asylum, withholding of removal, and protection under Article III of the Convention Against Torture.  (Rec. Doc. No. 9, Ex. C.) On June 17, 2004, an IJ ordered Esterman removed from the United States to Russia.  (Id.) The IJ pretermitted Esterman's application for asylum, denied his request for protection under the Convention Against Torture, but granted his request for withholding of removal under the INA.  (Id.)  ICE appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  Although the government does not indicate the date Esterman was taken into ICE custody, Esterman states

that on July 21, 2004, thirty six months into his sentence, he was released from the custody of the Bureau of Prisons and taken into ICE custody. (Rec. Doc. No. 1, at 5, ¶ 24.) On August 30, 2004, the BIA remanded the case to the IJ for further action because of a technical error that impacted the completeness of the transcript. (Rec. Doc. No. 9, Ex. D.) On September 30, 2004, in an order that carefully detailed the IJ's steps in verifying the completeness of the record of the original June hearing, the IJ reissued his oral decision of June 17, 2004, and again granted Esterman's application for withholding of removal pursuant to INA § 241(b)(3). (Rec. Doc. No. 9, Ex. E.) ICE again appealed the IJ's decision.

As noted above, on April 28, 2005, Esterman filed his petition with this court challenging his detention while ICE's appeal of the IJ's decision remained pending before the BIA. With the government's June 13, 2005 response, we became aware of the BIA's May 12, 2005 decision sustaining ICE's appeal. (Rec. Doc. No. 9, Ex. F.) In the May 12, 2005, decision the BIA vacated the IJ's decision to grant Esterman the relief of withholding of removal and further ordered that Esterman be removed from the United States to Russia. (Id.)

Although it is certainly unfortunate that technical malfunctions extended the pendency of his matter before the BIA, Esterman filed his petition challenging his detention while his matter was still before the BIA, and thus his detention as an alien

3

convicted of an aggravated felony was both proper and not indefinite. See 8 U.S.C. § 1226(c) (authorizing mandatory detention of aliens convicted of aggravated felonies); Demore v. Kim, 538 U.S. 510, 531 (2003) (upholding the mandatory detention provision of 8 U.S.C. § 1226(c) as constitutional); see e.g., Pisciotta v. Ashcroft, 311 F. Supp. 2d 445, 454-56 (D.N.J. 2004) (custody of an alien with pending removal proceedings shall last only as long as the duration of the removal proceedings).

Having received Esterman's complete administrative record, it is clear that his challenge to his detention is without legal merit. On May 12, 2005, Esterman's order of removal became administratively final when the BIA ordered him removed from the United States. It was on that date that Esterman's removal period began. INA § 241(a)(1)(B)(2), 8 U.S.C. § 1231(a)(1)(B)(2). The United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), recognized six months as the presumptively reasonable period of post order detention of an alien. ICE's detention of Esterman is currently within his ninety day removal period, INA § 241(a)(1)(A), 8 U.S.C. §1231(a)(1)(A), and therefore, his petition challenging detention is premature.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Esterman's petition under 28 U.S.C. § 2241 challenging his detention is dismissed as premature.

2. The clerk is directed to close the case file docketed to Civil Action No. 4:CV-05-847.

                                       s/ James F. McClure, Jr.
                                       James F. McClure, Jr.
                                       United States District Judge