IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY ESTERMAN, | : | |
| | : | Civil Action No. 4:CV-05-847 |
| Petitioner, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THOMAS HOGAN, ET AL., | : | |
| | : | (A20 397 894) |
| Respondents. | : | |

**O R D E R**

July 18, 2005

**BACKGROUND:**

By court order dated June 23, 2005, we dismissed Esterman's habeas corpus petition under 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement (ICE). We dismissed Esterman's petition as premature because his order of removal became final on May 12, 2005.

Now before the court is Esterman's "Motion Requesting Reconsideration for Amendment of Judgement under Rule 59(e) F.R.C.P. and/or Notice of Appeal for Certificate of Appealability and Transferrance (sic) Under Title 28 U.S.C.A. Sec. 2253 F.R.A.P. 3.22(b)."   (Rec. Doc. No. 12.)

**DISCUSSION:**

First, we find that Esterman has not convinced us that ICE's detention is constitutionally impermissible under Zadvydas v. Davis, 533 U.S. 678 (2001), and we will not amend our prior judgment. Second, because Esterman has filed a petition under 28 U.S.C. § 2241, he does not need a certificate of appealability. Third, Esterman asserts that the Board of Immigration Appeals committed legal error by ordering him removed from the United States, even though his refugee status may not have been terminated when he gained lawful permanent resident status. (Rec. Doc. No. 12, at 14, ¶ 37; see also id. at 8, ¶ 17.) On May 11, 2005, President George W. Bush signed into law the Real ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231. Section 106 of the Real ID Act of 2005 amended section 242(a) of the INA, 8 U.S.C. § 1252, to provide that the sole and exclusive means for judicial review of an order of removal shall be by petition for review in the applicable court of appeals, i.e., the court of appeals in whose jurisdiction the immigration judge issued the final order of removal. Therefore, we are without jurisdiction to review Esterman's challenge to his final order of removal. In light of the Third Circuit's decision to remand the BIA's summary affirmance of the IJ's decision in Smriko v. Ashcroft, 387 F.3d

279 (2004), the Court of Appeals may be interested in entertaining Esterman's argument that the BIA made legal error. For that reason, the Court of Appeals may wish to consider Esterman's filing in this court as a petition for review of the BIA's May 12, 2005 order, should Esterman have not already filed such a petition with the appeals court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Esterman's motion for reconsideration is denied. (Rec. Doc. 12.)

2. Esterman's request for a certificate of appealability is unnecessary and denied . (Rec. Doc. 12.)

3. Esterman's filing is construed as a notice of appeal of our June 23, 2005 order (Rec. Doc. 12.), and the clerk is directed to docket it as such.

4. Alternatively, Esterman's filing may be construed as a petition for review of the BIA's May 12, 2005 order of removal, in the event that Esterman did not file a petition for review directly with the United States Court of Appeals for the Third Circuit. (Rec. Doc. 12.)

       s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge